# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 24-cv-22349-BLOOM/Elfenbein

RAZIEL OFER, individually,

      Plaintiff,

v.

MARK S. ROHER, ESQ., individually

      Defendant.

_____/

## SECOND OMNIBUS ORDER

THIS CAUSE is before the Court upon four Motions: (1) Defendant's Motion for Summary Judgment as to Count II of Amended Complaint, ECF No. [102], ("Defendant's Motion for Summary Judgment"); Plaintiff filed a Response, ECF No. [109], to which Defendant filed a Reply, ECF No. [110]; (2) Plaintiff Raziel Ofer's ("Plaintiff") Motion for Partial Summary Judgment as to Counts II and III ("Plaintiff's Motion for Summary Judgment"), ECF No. [74]; Defendant Mark S. Roher ("Defendant") filed a Response, ECF No. [85], and Exhibits in Support, ECF No. [101], to which Plaintiff filed a Reply, ECF No. [96]; (3) Plaintiff's Motion for Reconsideration of the Court's Omnibus Order of October 28, 2024, ECF No. [103], ("Plaintiff's Motion for Reconsideration"); Defendant filed a Response, ECF No. [104], to which Plaintiff filed a Reply, ECF No. [106]; (4) Defendant's Motion to Deem Raziel Ofer a Vexatious Litigant and for the Imposition of Sanctions, ECF No. [32], ("Defendant's Motion for Sanctions"); Defendant filed a Response, ECF No. [41]. The Court has reviewed the Motions, the record, and is otherwise fully advised. For the reasons stated below, Defendant's Motion for Summary Judgment is denied, Plaintiff's Motion for Summary Judgment is granted in part and

denied in part, Plaintiff's Motion for Reconsideration is denied, and Defendant's Motion for Sanctions is denied.

## I. BACKGROUND

In his Amended Complaint, Plaintiff asserts three claims against Defendant: Legal Malpractice that occurred during Defendant's representation of DRO and Penn 942 (Count I); Conversion for the unauthorized purchases on the credit card (Count II); and Breach of Fiduciary Duty (Count III). ECF No. [35]. The Court dismissed Counts I and III pursuant to Defendant's Motion to Dismiss, *see* ECF No. [97], leaving only Count II before the Court. Both Plaintiff and Defendant seek summary judgment on Count II. ECF Nos. [74], [101].

Plaintiff asserts the following facts, ECF No. [74]. Defendant denies all the alleged facts but does not challenge the facts with specificity. ECF No. [85] at 2-3. The following facts are disputed:

Plaintiff owns two entities, 942 Penn RR, LLC ("942 Penn") and DRO 15R, LLC ("DRO"). Each entity was subject to claims in state court, that included foreclosures. Plaintiff was referred to Defendant, a lawyer, and consulted with him on available options to defend the entities. Plaintiff was advised by Defendant that Chapter 11 reorganization was the best option for his companies to resolve their financial commitments. Defendant represented 942 Penn and DRO as counsel for the debtors in bankruptcy. During litigation, Plaintiff entrusted Defendant with a credit card to pay expenses associated with the bankruptcies, which included compensation and filing fees.

Defendant made unauthorized purchases which were in excess of $200,000.00. Such purchases were perfumes, clothes, dining, and other luxuries which were not authorized by Plaintiff and not in conjunction with expenses associated with the entities. Plaintiff also purchased a luxury watch for Defendant, valued at approximately $10,000.00 for which

Defendant was to repay him. Defendant failed to do so, claiming it was a gift after Plaintiff demanded the return of the watch. Ultimately, Defendant failed to adequately advise Plaintiff in a competent and direct manner, failing to foresee the mistake of filing the bankruptcies in the first instance. Defendant placed Plaintiff in a position to sign various documents, such as a First Stipulation for Settlement which Plaintiff signed under duress just before a hearing which Plaintiff refused to sign. Defendant forwarded the Stipulation for Settlement to Plaintiff's phone and electronically signed it without consent by Plaintiff.

DRO, by being placed into Chapter 11 bankruptcy, ended up losing its real property. 942 Penn was liquidated at below market value and was liquidated. Defendant billed the entities for a combined $249,000.00 in legal fees. Defendant obtained charging liens to collect the fees from 942 Penn knowing he converted $200,000.00 of extravagant purchases from Plaintiff's credit card and failed to return the watch when demanded.

In addition to generally contesting those allegations, Defendant argues that Plaintiff's "Allegations of Material Fact Not in Dispute" in his Motion for Summary Judgment are merely an identical or somewhat rephrased version of the allegations in the Amended Complaint. ECF No. [85] at 2-3.

## II. LEGAL STANDARD

### A.      Motion for Summary Judgment

The court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:"

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.' " *Id.* at 322–23. Even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual

issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee*, 695 F.2d at 1296.

"In cases … where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Celotex*, 477 U.S. at 324. However, "even where an opposing party neglects to submit any alleged material facts in controversy, a court cannot grant summary judgment unless it is satisfied that all of the evidence on the record supports the uncontroverted material facts that the movant has proposed." *L.S. by Hernandez v. Peterson*, 420 F. Supp. 3d 1307, 1314 (S.D. Fla. 2019) (citation omitted). In the context of affirmative defenses,

> On a plaintiff's motion for summary judgment, the defendant bears the initial burden of showing that the affirmative defense is applicable. *See Blue Cross and Blue Shield v. Weitz,* 913 F.2d 1544, 1552 (11th Cir.1990); *Office of Thrift Supervision v. Paul,* 985 F.Supp. 1465, 1470 (S.D.Fla.1997); *Chatham Steel Corp. v. Brown,* 858 F.Supp. 1130, 1154 (N.D.Fla.1994). Only upon such a showing does the burden shift to the plaintiff regarding that affirmative defense. *See Weitz* at n. 13. The reason is that the defendant bears the burden of proof on his or her affirmative defense at trial.

> *Special Purpose Accts. Receivable Co-op Corp. v. Prime One Cap. Co.*, 125 F. Supp. 2d 1093, 1098–99 (S.D. Fla. 2000).

### B.    Motion for Reconsideration

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. Jan. 8, 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. July 25, 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. Dec. 10, 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request"). A motion for reconsideration "is not an opportunity for the moving party … to instruct the court on how the

6

court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted).

Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. Dec. 3, 1992) (internal quotation marks omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369. Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

## III. DISCUSSION

### A.  Defendant's Motion for Summary Judgment as to Count II - Conversion

#### 1.  Release: First Affirmative Defense

The Court first addresses Defendant's Motion for Summary Judgment, ECF No. [102]. Defendant argues that summary judgment is warranted on his first affirmative defense of release because the Second Stipulation for Settlement demonstrates that Plaintiff released him from all claims, as was also found by the Bankruptcy Court. *Id.* at 1-3. Plaintiff responds that Defendant forced Plaintiff to sign them and the Stipulations for Settlement are invalid. ECF No. [109] at 9-10.[1]

---

[1] Plaintiff includes portions of his Motion for Summary Judgment in his Response, and notably

Plaintiff and Defendant signed two Stipulations for Settlement, the first on June 27, 2022

("the First Stipulation for Settlement") and the second on December 14, 2022 ("the Second

Stipulation for Settlement").

The Second Stipulation for Settlement states that "[Plaintiff] has taken the position that

[Defendant] has made unauthorized charges for personal items ("the Charges") to a Discover

card issued to him under an account belonging to third party friend…" ECF No. [7-1] at 5. The

Second Stipulation then sets forth a broad release tethered to the use of the Discover Card. The

Second Stipulation states:

> Ofer and Mendez agree to release Roher and MSRPA from any and all from any
> and all [(sic)] past, present or future actions, claims, demands, causes, causes of
> actions, liabilities, suits, obligations, damages, liens, contracts, agreements,
> promises, losses, debts, dues, sums of money, accounts, compensation, bills,
> covenants, controversies, judgments, executions, rights, costs and expenses
> (including, but not limited to, attorney fees), of any nature whatsoever, known or
> unknown, fixed or contingent, whether at law or in equity, and in whatever form
> denominated, from the beginning of this world to the day of this Release, which
> DRO 15R, 942 Penn, Ofer and Mendez now have, could have had or hereafter
> can, shall or may have, *including, but not limited to, any and all claims arising
> out of or in any way related to the Charges*.

*Id.* at 6. The Charges refer to "unauthorized charges for personal items … to a Discover

card issued to [Defendant] under an account belonging to third party friend." *Id.* at 5.   The

Second Stipulation is dated December 14, 2022. *Id.* at 8. However, the record indicates the

purported conversion occurred with a *different* credit card that is not included in the release of

the Second Stipulation for Settlement. Defendant attaches numerous charges and statements from

the credit card at issue in the case, which demonstrate it was an AAdvantage card and not the

Discover Card covered by the Second Stipulation for Settlement. ECF No. [102] at 25-75.

Defendant fails to point to evidence demonstrating why that the Second Stipulation for

---

discusses affirmative defenses not raised by Defendant. Because Plaintiff's burden as non-movant is
merely to survive summary judgment at this stage, the Court does not discuss the affirmative defenses
that Defendant did not raise.

Settlement covers charges incurred by the AAdvantage card. The record is further unclear as to which credit card the watch was charged to, and therefore it is unclear if the watch is included in the release of the Second Stipulation for Settlement.

Accordingly, Defendant is not entitled to summary judgment on his first affirmative defense. Because Defendant has failed to point to credible evidence of release, the Court does not reach Plaintiff's argument that he signed the agreements under duress or that Defendant breached the terms of the Stipulations for Settlement.

## 2.    Lack of Standing: Fifth Affirmative Defense

Defendant argues that he is entitled to summary judgment on his fifth affirmative defense of lack of standing because the credit card did not belong to Plaintiff, and the credit card statements are in the name of Joseph Beniftah. ECF No. [102] at 4. Plaintiff responds that there was an agreement between Plaintiff and the account holder so that Plaintiff had authorization to have the AAdvantage card and use it. ECF No. [109] at 14. Further, Plaintiff states that he has made out a concrete injury, the unauthorized use of a credit card issued to Plaintiff that Plaintiff had to repay. *Id.* at 15.

Defendant points to an email from Plaintiff to Defendant sent on December 12, 2022, where Plaintiff states "[T]his credit card isn't mine, I mean the account isn't mine, it has nothing to do with our accounts. My friend j[u]st gave me this cc to pay for court filings, nothing else." ECF No. [102] at 24, [7-1] at 110. Further, Defendant points to numerous statements and charges from the AAdvantage card, showing the card belongs to Joseph Beniftah. *Id.* at 25-75. There is no dispute that the credit card used by Defendant belonged to a third party. Plaintiff does not contest that, and instead argues that the credit card was lent to him to pay for his litigation expenses. But Defendant does not cite a legal basis or any cases indicating that this is insufficient to constitute standing. Under the law, "certain harms readily qualify as concrete injuries under

9

Article III. The most obvious are traditional tangible harms, such as physical harms and monetary harms." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021). Plaintiff has stated a monetary harm, insofar as he must reimburse the owner of the AAdvantage card account for Defendant's expenses on the credit card. The record is clear that Defendant was aware that Plaintiff was the beneficiary of the credit card, as Defendant communicated with Plaintiff to credit the credit card charges to Defendant's invoice. *See, e.g.,* ECF No. [101] at 13. Defendant fails to meet his burden to establish that he "is entitled to judgment as a matter of law" as to his fifth affirmative defense. Fed. R. Civ. P. 56(a).

### 3.      Collateral Estoppel: Seventh Affirmative Defense

Defendant argues that Plaintiff's claim for Conversion is barred by the doctrine of collateral estoppel, and this issue was fully litigated and determined by the United States Bankruptcy Court in the Southern District of Florida ("Bankruptcy Court"). ECF No. [102] at 4-5. Plaintiff responds that collateral estoppel is inapplicable because the Second Stipulation for Settlement refers to the Discover card and not the AAdvantage card. ECF No. [109] at 15-16.

"The 'essential elements' of collateral estoppel in Florida are that 'the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction.' " *In re Harris*, 3 F.4th 1339, 1345 (11th Cir. 2021) (citing *Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.*, 945 So.2d 1216, 1235 (Fla. 2006) (internal citation omitted). Here, Defendant points to an Order issued by Judge Laurel Isicoff in the Bankruptcy Court that states:

> The Ofer Objection also argues "gross malpractice" and that "we've a claim of $8.5 million against him", but the two reasons argued by Mr. Ofer at the Hearing – the filing of the 942 Penn bankruptcy, and the use of Mr. Ofer's credit card, were both addressed, and any claims released, in the June Agreement or the December Agreement.

ECF No. [7-1] at 15. Here, the Bankruptcy Court found that claims from Plaintiff to Defendant were released when determining whether attorneys' fees were reasonable and a charging lien could be enforced. However, the Bankruptcy Court made no reference to one of the bases underlying Plaintiff's Conversion count, the purchase of the watch, which seemingly occurred after the June 2022 Agreement. It is also unclear which credit card the Bankruptcy Court was referring to, whether the Discover card or the AAdvantage card at issue. Only claims pursuant to the Discover card were released in the Second Stipulation of Settlement, as discussed above. Accordingly, there is a genuine dispute of material fact as to whether Plaintiff is collaterally estopped from prevailing on his Conversion count, as it is unclear if the Bankruptcy Court's Order covers identical issues and applies to the same facts.

Accordingly, Defendant is not entitled to summary judgment on his seventh affirmative defense.

### B.      Plaintiff's Motion for Partial Summary Judgment

The Court turns next to Plaintiff's Motion for Summary Judgment. ECF No. [74]. Plaintiff argues that he is entitled to summary judgment on Count II pursuant to the use of an AAdvantage card and a luxury watch which Plaintiff purchased for Defendant under promise of repayment for which Defendant never repaid. ECF No. [74] at 7-8. Plaintiff argues that neither a demand for return of the property and refusal, as well as knowledge or intent, are essential to bring a claim of conversion. *Id.* at 6. Defendant responds that the Motion is procedurally deficient and should be denied because Plaintiff does not reference any portion of the record, there is not one single exhibit attached, and is not verified. ECF No. [85] at 2. Further, Defendant contends the so-called undisputed material facts are disputed, Plaintiff authorized Defendant to use the credit card, and Plaintiff merely attaches proof of a $7,987.52 unauthorized charge in Exhibit A. *Id.* at 3. Defendant asserts there is no evidence as to the credit card charges and points

to evidence demonstrating that the watch was a gift. *Id.* at 5-6. Plaintiff replies that procedural deficiencies are not grounds to deny his Motion, as a motion for summary judgment can be verified after the fact as to facts already known to the nonmoving party. ECF No. [96] at 1-2 (citing *Pete's Towing Co. v. City of Tampa*, 378 F. App'x 917 (11th Cir. 2010)). Plaintiff argues he refers to the record, namely exhibits attached to the Amended Answer, ECF No. [7-1], in his Motion. *Id.* at 3-4. Plaintiff also argues that he attached the credit card statements to his initial Complaint, and Defendant does not refer to any exhibits in his Response. *Id.* at 6. Defendant subsequently filed exhibits to accompany his Response, ECF No. [101].

### 1. Procedural Deficiencies

The Court first addresses Defendant's argument that Plaintiff's Motion must be denied because Plaintiff failed to attach exhibits to his Motion. Under the Federal Rules of Civil Procedure, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by:"

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

> Fed. R. Civ. P. 56(c)(1).

Plaintiff fails to attach exhibits to establish his entitlement to summary judgment and merely he cites to exhibits attached to the Amended Answer, ECF No. [7-1], throughout his Motion, ECF No. [74] at 9, 10, 11.

Plaintiff also fails to file a Statement of Material Facts as required by Local Rule 56,1, which states: "A motion for summary judgment and the opposition to it shall each be accompanied by a separate and contemporaneously filed and served Statement of Material Facts.

The movant's Statement of Material Facts shall list the material facts that the movant contends are not genuinely disputed." S.D. Fla. L. R. 56.1(a)(1). A Court "may in its discretion opt to conduct an assiduous review of the record even where one of the parties has failed to file such a statement[.]" *Reese v. Herbert*, 527 F.3d 1253, 1271 (11th Cir. 2008) (citing *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (internal quotation marks omitted)).[2]

The Court admonishes Plaintiff for failing to comply with the Federal Rules of Civil Procedure and the Court's Local Rules and considers Plaintiff's Motion for Summary Judgment only with reference to the exhibits that Plaintiff points to from Defendant's Amended Answer.

## 2.    Conversion Count

Plaintiff argues he is entitled to summary judgment on his Conversion count.

> [C]onversion occurs when a person asserts a right of dominion over chattel which is inconsistent with the right of the owner and deprives the owner of the right of possession. Under Florida law, the elements of conversion are (1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein.

*In re Bentley*, 600 B.R. 115, 118 (Bankr. M.D. Fla. 2018) (internal quotation marks and citations omitted).

The Court finds there is a genuine dispute of material fact as to whether Defendant's purchase of the watch and use of the credit card were "an act of dominion wrongfully asserted over, and inconsistent with, another's possessory rights in personal property." *Joseph v. Chanin*, 940 So. 2d 483, 486 (Fla. 4th DCA 2006). There is a genuine dispute of material fact as to whether the parties agreed the charges on the credit card were to be discounted from Defendant's payment for legal services and whether the watch was a gift. Defendant points to an invoice from

---

[2] Plaintiff simultaneously argues he correctly cited to the record by citing to the Amended Answer and that the Amended Answer is a nullity because Defendant did not ask for leave of Court to file it. ECF No. [96] at 4-5. Because the Court seeks to resolve the issues in front of it, and Plaintiff cannot both seek to invoke and ignore the Amended Answer, the Court considers the exhibits in the Amended Answer.

Panerai indicating that "Mr. Raziel Ofer paid for Mr. Mark Roher PAM01356." ECF Nos. [85] at 4, [7-1] at 21. Further, Defendant points to an August 10, 2022 text message from Defendant to Plaintiff stating "Thanks for lunch and the watch," to which Plaintiff's response was "Great." ECF Nos. [85] at 4, [7-1] at 22. Defendant refers to an email he sent to Plaintiff on September 1, 2022 stating: "I am not sure if the watch was a gift or payment, but I disclosed it as a payment just to be safe. We will reconcile everything at a later date." ECF Nos. [85] at 4, [7-1] at 28. Plaintiff responded that same day: "It was a gift." *Id.* Another email from Defendant to Plaintiff states: "Please confirm that you will send me the credit card statements so that I can calculate the credit on the open account for DRO where I am owed at least $70,000." ECF No. [7-1] at 110. A previous email from Defendant also states: "Please send me a list of all of my personal credit card charges so that I may credit these invoices." *Id.* at 111. Finally, two text messages Defendant sent to Plaintiff on October 2, 2022 state: "Let's go through all the charges on the card when I get back ok[.] Email me all the credit card statements for that card so I can deduct all the charges from the invoice." ECF No. [101] at 13. This evidence raises a genuine dispute of material fact as to whether the watch was a gift, and the credit card charges were payment for legal services so that both were not "an act of dominion wrongfully asserted..." over Plaintiff's property. *In re Bentley*, 600 B.R. at 118.

Plaintiff argues that Defendant's knowledge or intent is not relevant to the conversion tort, and he is entitled to summary judgment regardless of Defendant's intent. Plaintiff is correct that "knowledge or intent is *not* a necessary element of a cause of action for conversion." *Stearns v. Landmark First Nat. Bank of Fort Lauderdale*, 498 So. 2d 1001, 1002 (Fla. 4th DCA 1986).

> Any act of a person in asserting a right of dominion over a chattel which is inconsistent with the right of the owner and deprives the owner of the right of possession to which the owner is entitled may constitute a conversion, whether the act is accomplished with, or without, any specific wrongful mental intent.

14

*City of Cars, Inc. v. Simms*, 526 So. 2d 119, 120 (Fla. 5th DCA 1988). "The tort may be established despite evidence that the defendant took or retained property based upon the mistaken belief that he had a right to possession, since malice is not an essential element of the action." *Seymour v. Adams*, 638 So. 2d 1044, 1047 (Fla. 5th DCA 1994). While this may be a case where Defendant was mistaken about his right to possession and still committed conversion, a genuine dispute of material fact exists as to whether Plaintiff willingly relinquished the credit card and paid for the watch to compensate Defendant for his legal services. The parties may have agreed to the use of the credit card as a payment credit and that the watch was a gift. An element of conversion is whether or not the conversion was "an act of dominion wrongfully asserted..." *In re Bentley*, 600 B.R. at 118. Indeed, an "[e]ssential element of a conversion is a *wrongful* deprivation of property to the owner." *Star Fruit Co. v. Eagle Lake Growers*, 160 Fla. 130, 132 (1948) (emphasis added). There is a genuine dispute about whether wrongful deprivation occurred here.

Accordingly, Plaintiff is not entitled to summary judgment on Count II for Conversion.

### 3.    Affirmative Defenses

The Court addresses Plaintiff's argument that he is entitled to summary judgment as to Defendant's affirmative defenses. "A court may grant partial summary judgment on affirmative defenses, so long as the movant meets its burden of showing that the defenses cannot be maintained by a preponderance of the evidence." *Fed. Deposit Ins. Corp. for Superior Bank v. Hall*, No. 8:14-CV-834-T-24 TGW, 2016 WL 7325590, at *2 (M.D. Fla. Aug. 29, 2016) (citation omitted). In other words,

> On a plaintiff's motion for summary judgment, the defendant bears the initial burden of showing that the affirmative defense is applicable. *See Blue Cross and Blue Shield v. Weitz,* 913 F.2d 1544, 1552 (11th Cir.1990); *Office of Thrift Supervision v. Paul,* 985 F.Supp. 1465, 1470 (S.D.Fla.1997); *Chatham Steel Corp. v. Brown,* 858 F.Supp. 1130, 1154 (N.D.Fla.1994). Only upon such a

showing does the burden shift to the plaintiff regarding that affirmative defense. *See Weitz* at n. 13. The reason is that the defendant bears the burden of proof on his or her affirmative defense at trial.

*Special Purpose Accts.*, 125 F. Supp. 2d at 1098–99.

### a.    Release: First Affirmative Defense

Defendant's first affirmative defense asserts that all of the claims in the Complaint have been released by the First Stipulation for Settlement and Second Stipulation for Settlement. ECF No. [42] at 4. Plaintiff argues that the Second Stipulation for Settlement does not apply here as that applies to a credit card issued by Discover and not the AAdvantage card at issue in the Conversion count. ECF No. [74] at 8-9. Defendant does not specifically respond to this argument.

Plaintiff is not entitled to summary judgment as there is a genuine dispute of material fact as to whether the charges underlying the Conversion count have been released. At least some of the charges underlying the conversion count may be covered by the release in the First Stipulation for Settlement, while others are not. The First Stipulation for Settlement sets forth that:

> In exchange for MSRPA's agreement to the Fee Reduction, Ofer and Mendez agree to a mutual release between themselves and MSRPA as to any matters whatsoever involving MSRPA's representation of the Debtor in the Bankruptcy Case *through June 27, 2022*, including, but not limited to, the recommendation to the filing of the Bankruptcy Case as well as any claims which could give rise to a Florida Bar Complaint except for and subject to the terms of this Settlement.

ECF No. [7-1] at 2 (emphasis added). Here, MSRPA refers collectively to Defendant "Mark S. Roher" and "Law Offices of Mark S. Roher, P.A." *Id.* at 1. The plain text of the First Stipulation for Settlement only releases claims between the parties through June 27, 2022.[3]

---

[3] Further, "[i]t is well settled that a valid release agreement acts retroactively to release all claims arising out of conduct that occurred prior to the execution of the release." *Jankovich v. Bowen*, 844 F. Supp. 743, 747 (S.D. Fla. 1994) (citing *Pettinelli v. Danzig,* 722 F.2d 706 (11th Cir. 1984)).

On one end, some of the charges underlying the Conversion count occurred *after* June 27, 2022 so are not released. ECF No. [102] at 25-75. Some of the credit card charges on the credit card used by Defendant are dated from July and August 2022. ECF Nos. [7-1] at 2, [102] at 30, 32. Further, the credit card charges remained unpaid by Defendant until at least December 2022, as evidenced by an email from Defendant to Plaintiff on December 12, 2022 stating:

> I would like to resolve this open issue please. Please confirm that you will send me the credit card statements so that I can calculate the credit on the open account for DRO where I am owed at least $70,000.

ECF No. [102] at 24. The record is not clear as to whether Plaintiff's purchase of Defendant's watch follows the release of the First Stipulation for Settlement, as the receipt of the Panerai watch for $9,272 is not dated. ECF No. [7-1] at 21. However, a message from Defendant stating "thanks for lunch and for the watch" dates from August 10, 2022. *Id.* at 2. That indicates that the purchase of the watch may have occurred after the First Stipulation for Settlement and may not be covered by the release of the First Stipulation for Settlement.

On the other end, some credit card charges occurred *before* June 27, 2022 and so may be covered by the release in the First Stipulation for Settlement. ECF No. [102] at 61, 65. Accordingly, what charges are covered by the release in the First Stipulation for Settlement, and what charges are not, is a genuine dispute of material fact best left for determination for the jury.

However, Plaintiff is entitled to summary judgment on the issue of whether the Second Stipulation for Settlement releases the Conversion claim between Plaintiff and Defendant as to the AAdvantage card charges — but not as to the purchase of the Panerai watch. The Second Stipulation for Settlement *does not* release a conversion claim based on the AAdvantage card charges. As discussed above, the release in the Second Stipulation for Settlement applies only to the Discover Card, whereas the bank statements demonstrate that the credit card charges pertaining to the Conversion count were made on the AAdvantage card. The Second Stipulation

for Settlement states that "[Plaintiff] has taken the position that [Defendant] has made unauthorized charges for personal items ("the Charges") to a Discover card issued to him under an account belonging to third party friend…" ECF No. [7-1] at 5. The Second Stipulation for Settlement states:

> Ofer and Mendez agree to release Roher and MSRPA from any and all from any and all [(sic)] past, present or future actions, claims, demands, causes, causes of actions, liabilities, suits, obligations, damages, liens, contracts, agreements, promises, losses, debts, dues, sums of money, accounts, compensation, bills, covenants, controversies, judgments, executions, rights, costs and expenses (including, but not limited to, attorney fees), of any nature whatsoever, known or unknown, fixed or contingent, whether at law or in equity, and in whatever form denominated, from the beginning of this world to the day of this Release, which DRO 15R, 942 Penn, Ofer and Mendez now have, could have had or hereafter can, shall or may have, *including, but not limited to, any and all claims arising out of or in any way related to the Charges*.

*Id.* at 6. Here, the Charges refer to "unauthorized charges for personal items … to a Discover card issued to [Defendant] under an account belonging to third party friend." ECF No. [7-1] at 5. The credit card at issue in the conversion count, as evidenced by the relevant bank statements, is the AAdvantage card, ECF No. [102] at 25-75.

However, the record is unclear as to which credit card the Panerai watch was charged and whether a conversion claim based on the purchase of the Panerai watch is released by the Second Stipulation for Settlement.

Plaintiff is entitled to summary judgment as to Defendant's first affirmative defense on the issue of whether the Second Stipulation for Settlement releases the conversion claim as to the AAdvantage card payments. Plaintiff is *not* entitled to summary judgment on the issue of whether the Second Stipulation for Settlement releases the conversion claim as to the purchase of the Panerai watch. Plaintiff is not entitled to summary judgment on the issue of whether the First Stipulation for Settlement releases the Conversion claim at issue, as there remains a genuine dispute of material fact on this issue.

### b.        Unclean Hands: Second Affirmative Defense

Defendant's second affirmative defense is that all of the claims asserted in the Complaint are barred due to Plaintiff's unclean hands, as Plaintiff bought the watch as a gift but fabricated allegations that Defendant had taken the watch. ECF No. [42] at 6-7. Plaintiff argues that Defendant has not met the elements of the unclean-hands defense because Plaintiff paid for the watch and Defendant does not address how he was damaged or injured. ECF No. [74] at 9. Further, Plaintiff argues that the email discussing a watch that was a gift was about a different, much less expensive watch. *Id.* at 10. Defendant does not respond to this argument.

"To assert an unclean hands defense, a defendant must show that (1) the plaintiff's wrongdoing is directly related to the claim, and (2) the defendant was personally injured by the wrongdoing." *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015).

Here, "[D]efendant fails to come forward with evidence sufficient to … support [his] affirmative defense." *Special Purpose Accts*, 125 F. Supp. 2d at 1098–99 (citation omitted). However, a question of fact exists on whether Plaintiff gifted the watch to Defendant, as indicated by Plaintiff's email that the watch that "[i]t was a gift[.]" ECF No. [7-1] at 28. Plaintiff contends this referred to a different watch, but points to no evidence to this effect. Further, it is unclear who wrote on the watch receipt that it was paid for by Plaintiff. ECF No. [7-1] at 21. Accordingly, it is unclear if Plaintiff has unclean hands when bringing this claim because he willingly paid for the watch and gifted it. It is also unclear that Defendant was injured by Plaintiff's wrongdoing such that "all of the evidence on the record supports the uncontroverted material facts that the movant has proposed" i.e. that Plaintiff does not have unclean hands. *L.S. by Hernandez*, 420 F. Supp. 3d at 1314. Though Defendant does not respond on this point, "even where an opposing party neglects to submit any alleged material facts in controversy, a court cannot grant summary judgment unless it is satisfied that all of the evidence on the record

19

supports the uncontroverted material facts that the movant has proposed." *L.S. by Hernandez v. Peterson*, 420 F. Supp. 3d 1307, 1314 (S.D. Fla. 2019) (citation omitted). The Court is not so satisfied and declines to grant summary judgment to Plaintiff on Defendant's unclean hands affirmative defense.

### c.      Fraud on the Court: Third Affirmative Defense

Defendant's third affirmative defense is that all of the claims asserted in the Complaint are barred due to Ofer's fraud upon this Court. ECF No. [42] at 7-8. Plaintiff argues there was no interference with the judicial system's ability to impartially adjudicate this matter by any improper influence or unfair hampering of Defendant. As such, the elements of fraud on the court are not met. ECF No. [74] at 11. Defendant fails to respond to this argument.

Here, "[D]efendant fails to come forward with evidence sufficient to … support an affirmative defense." *Special Purpose Accts*, 125 F. Supp. 2d at 1098–99 (citation omitted). However, it is unclear if Plaintiff's representation that the watch was not a gift and the credit card charges were not payment is accurate or fraudulent, given the contradictory evidence on this topic. As mentioned above, "even where an opposing party neglects to submit any alleged material facts in controversy, a court cannot grant summary judgment unless it is satisfied that all of the evidence on the record supports the uncontroverted material facts that the movant has proposed" i.e. that Plaintiff did not commit fraud on the court. *L.S. by Hernandez,* 420 F. Supp. 3d at 1314. The Court is not so satisfied and declines to grant summary judgment on Defendant's fraud on the court affirmative defense.

### d.      Fugitive Disentitlement Doctrine: Fourth Affirmative Defense

Defendant's fourth affirmative defense is that all of the claims asserted in the Complaint are barred under the fugitive disentitlement doctrine. ECF No. [42] at 10. Plaintiff argues that the

fugitive disentitlement doctrine is inapplicable because there is no nexus between the current action and the action for which Plaintiff is a fugitive. ECF No. [74] at 12-13. Defendant fails to respond to this argument. Because Defendant has the burden of persuasion as to this affirmative defense, Plaintiff is entitled to summary judgment as to the fugitive disentitlement affirmative defense as "defendant fails to come forward with evidence sufficient to … support an affirmative defense." *Special Purpose Accts*, 125 F. Supp. 2d at 1098–99 (citation omitted). The Court has previously ruled that the fugitive disentitlement doctrine is inapplicable to the case at hand "as there does not appear to be any connection between Plaintiff's fugitive status and the present action." ECF No. [97] at 6 n. 2. "[A]ll of the evidence on the record supports the uncontroverted material facts that the movant has proposed" i.e. that the fugitive disentitlement doctrine does not bar Plaintiff's claim, as the Court discusses further below. *L.S. by Hernandez,* 420 F. Supp. 3d at 1314.

Accordingly, Plaintiff is entitled to summary judgment on Defendant's fourth affirmative defense on the fugitive disentitlement doctrine.[4]

### e. Lack of Standing: Sixth Affirmative Defense

Defendant's sixth affirmative defense is lack of standing. ECF No. [42] at 10-11. Plaintiff argues that he has standing even if the credit card did not belong to him because there was an agreement reached between Plaintiff and the account holder. ECF No. [74] at 13. Plaintiff asserts he suffered a concrete injury, the unauthorized use of a credit card for over $200,000.00, which Plaintiff had to repay. *Id.* at 14. Defendant responds that Plaintiff lacks standing to bring a breach of fiduciary duty claim because Plaintiff was never Defendant's client. ECF No. [85] at 7-8.

---

[4] The Parties do not discuss the fifth affirmative defense, which pertains to Count I, which the Court previously dismissed.

Defendant asserts that "[Plaintiff] lacks standing to pursue a Count II for alleged Conversion because the credit card did not belong to him as set forth in the email [Plaintiff] sent to [Defendant] on December 12, 2022[.]" ECF No. [7] at 11. In his Response, Defendant merely states that Plaintiff lacks standing to bring a breach of fiduciary duty claim. ECF No. [85] ¶¶ 40, 46. However, the Court previously dismissed the breach of fiduciary duty claim against Defendant. Accordingly, Plaintiff is entitled to summary judgment as to the lack of standing affirmative defense as "defendant fails to come forward with evidence sufficient to … support an affirmative defense" as to the Conversion count. *Special Purpose Accts*, 125 F. Supp. 2d at 1098–99 (citation omitted). Further, as discussed above, Plaintiff is asserting a concrete monetary harm for which there traditionally is standing. *See TransUnion*, 594 U.S. at 425.

Accordingly, Plaintiff is entitled to summary judgment on the sixth affirmative defense of standing.

### f. Collateral Estoppel: Seventh Affirmative Defense

Defendant's seventh affirmative defense is that Plaintiff's claims are barred by the doctrine of collateral estoppel. ECF No. [42] at 11. Plaintiff argues that collateral estoppel is inapplicable as the Second Stipulation for Settlement refers to the Discover credit card and not the AAdvantage card. ECF No. [74] at 14. Though Defendant does not respond to this argument, ECF No. [85], Defendant seeks summary judgment on this affirmative defense in his Motion for Summary Judgment, ECF No. [102].

There is a genuine dispute of material fact as to whether the issues considered by the Bankruptcy Court were the same as the issues before this Court. As this Court previously stated, the Bankruptcy Court made no reference to one of the bases underlying Plaintiff's Conversion count, the purchase of the watch, when it found that "the filing of the 942 Penn bankruptcy, and the use of Mr. Ofer's credit card, were both addressed, and any claims released, in the June

Agreement or the December Agreement." ECF No. [7-1] at 15. It is also unclear which credit card the Bankruptcy Court was referring to in its Order. Only claims pursuant to the Discover card were released in the Second Stipulation for Settlement. Accordingly, there is a genuine dispute of material fact as to whether Plaintiff is collaterally estopped, and Plaintiff is not entitled to summary judgment as to Defendant's collateral estoppel affirmative defense.

### 4.    Plaintiff's Motion for Reconsideration of the Court's Omnibus Order of October 28, 2024

Plaintiff moves for reconsideration of the Court's Omnibus Order, ECF No. [97], dismissing Count II and III of Plaintiff's Amended Complaint. Plaintiff refers to facts stated in response to Defendant's Motion to Dismiss and adds arguments in support of finding that there was an attorney-client relationship between Plaintiff and Defendant. ECF No. [103] at 2. Further, Plaintiff argues that allowing Defendant to escape liability for his attorney-client relationship would be a manifest injustice. *Id.* at 4-5. Defendant responds that Plaintiff is seeking a second bite at the apple and seeks to relitigate old matters or a new legal theory, which is inappropriate on a Motion to Reconsider under Rule 59(e). ECF No. [104] at 3.

The Court finds that Plaintiff has failed to set forth any of the "three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). Plaintiff either reiterates arguments previously made in support of an attorney-client relationship, attempts to add facts to arguments previously made, or merely asserts there would be manifest injustice from the Court's previous Order. However, Plaintiff falls far short of making a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013).

Accordingly, the Court uses its "sound discretion" to deny Plaintiff's Motion for Reconsideration of the Court's Omnibus Order, ECF No. [103]. *Arch Specialty Ins.*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2.

### 5.    Defendant's Motion to Deem Raziel Ofer a Vexatious Litigant and for the Imposition of Sanctions

#### i.    Fugitive Disentitlement Doctrine

Finally, the Court considers Defendant's Motion to Deem Raziel Ofer Vexatious Litigant and for the Imposition of Sanctions, ECF No. [32]. Defendant argues that the fugitive disentitlement doctrine bars any relief to Plaintiff, who is a five-time convicted felon who has fled the state of Florida to the United Kingdom, as set forth in the Arrest Warrant signed on April 28, 2023 by the Honorable Zachary N. James of the Miami-Dade County, Florida Circuit Court. *Id.* at 3-4. Plaintiff responds that the fugitive disentitlement doctrine does not apply to him as there is no nexus between the probation violation for worthless checks and grand theft that Plaintiff is fleeing from and the current action. ECF No. [41] at 4.

"The fugitive disentitlement doctrine empowers courts to dismiss the lawsuits or appeals of fugitives from the law." *Ener v. Martin*, 987 F.3d 1328, 1331 (11th Cir. 2021). "[A] fugitive 'flouts' the authority of the court by escaping, and [] dismissal is an appropriate sanction for this act of disrespect." *Ortega-Rodriguez v. United States*, 507 U.S. 234, 245, 113 S. Ct. 1199, 1206, 122 L. Ed. 2d 581 (1993). "[T]he doctrine applies in both civil and criminal proceedings, *Fed. Deposit Ins. Corp. v. Pharaon*, 178 F.3d 1159, 1161 (11th Cir. 1999), and in district courts as well as on appeal, *see Magluta*, 162 F.3d at 664." *Id.* at 1332. "[T]he dismissal of a civil action on fugitive disentitlement grounds requires that (1) the plaintiff is a fugitive; (2) his fugitive status has a connection to his civil action; and (3) the sanction employed by the district court, dismissal, is necessary to effectuate the concerns underlying the fugitive disentitlement

doctrine." *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998). Plaintiff is correct that Defendant has not identified that the second element applies to Plaintiff. There does not appear to be any connection between Plaintiff's fugitive status and the present action.

Accordingly, the Court does not dismiss the action under the fugitive disentitlement doctrine.

### ii.    Sanctions

Defendant argues that Plaintiff's bad faith and false allegations must stop, and he should be sanctioned in the form of being deemed to be a vexatious litigant and ordered to pay all attorneys' fees and costs incurred in having to respond to false and bad faith allegations. ECF No. [32] at 6. Plaintiff responds that the stipulations for settlement were signed under duress and that he does not qualify as a vexatious litigant, ECF No. [41] at 5, 8. Defendant replies by attaching emails sent to Defendant with profane and vile statements the same day that Plaintiff filed his Response, ECF No. [45]. Defendant files a Supplement to this Motion, ECF No. [44], indicating that United States Bankruptcy Judge Laurel Isicoff sanctioned Plaintiff for his "unceasing misrepresentations to the Court." *Id.* at 1.

The Eleventh Circuit "repeatedly has held that federal courts have the power to manage their dockets and curb vexatious litigation." *United States v. Maass*, No. 05-11632, 2005 WL 2298296, at *3 (11th Cir. Sept. 22, 2005) (citation omitted). As the Eleventh Circuit has explained, "a court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others, and a litigant can be severely restricted as to what he may file and how he must behave in his applications for judicial relief." *Maid of The Mist Corp. v. Alcatraz Media, LLC*, 388 F. App'x 940, 942 (11th Cir. 2010) (citation and internal quotation marks omitted). As this Order demonstrates, the Court is not persuaded that Plaintiff's case is

entirely meritless, unlike previous cases filed by Plaintiff with this Court. Accordingly, the Court declines to curb Plaintiff's access to the Court and to deem Plaintiff a vexatious litigant.

However, the Court has witnessed disturbing and profound unprofessionalism from Plaintiff, including harassing emails and communications to Defendant, as mentioned in the Court's previous Omnibus Order, ECF No. [97] at 10. Defendant is a licensed attorney who is currently representing himself *pro se* so he is not entitled to attorney's fees. A party representing themselves *pro se* is not entitled to attorney's fees, even when they are attorneys. *DeBose v. USF Bd. of Trustees*, 811 F. App'x 547, 556–57 (11th Cir. 2020) (holding "[a] pro se plaintiff cannot recover attorney's fees for representing herself, even if she is a licensed attorney" in a discrimination suit context under 42 U.S.C. § 1988); *Glenn v. Avala,* No. 5:23-CV-146-MTT-AGH, 2024 WL 5162843, at *1 (M.D. Ga. Sept. 30, 2024) (holding that "to the extent the amount represents attorney's fees, Plaintiff—as a *pro se* party—is not entitled to recover those" under Federal Rule of Civil Procedure 37).

The Court firmly reminds Plaintiff that any further display of unprofessionalism will result in sanctions, including dismissal with prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion for Summary Judgment, **ECF No. [102]**, is **DENIED**;

2.  Plaintiff's Motion for Partial Summary Judgment as to Counts II and III, **ECF No. [74]**, is **GRANTED IN PART** and **DENIED IN PART**, in ways consistent with this Order;

3.  Plaintiff's Motion for Reconsideration of the Court's Omnibus Order of October 28, 2024, **ECF No. [103]**, is **DENIED**;

4.  Defendant's Motion to Deem Raziel Ofer a Vexatious Litigant and for the Imposition

Case No. 24-cv-22349-BLOOM/Elfenbein

of Sanctions, **ECF No. [32]**, is **DENIED**.

    **DONE AND ORDERED** in Chambers at Miami, Florida on January 2, 2025.

                                _____

                                **BETH BLOOM**

                                **UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

27